IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEVONTE YOUNG                                                                                          PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:22-CV-598-DPJ-FKB

MTC – MANAGEMENT TRAINING AND CORPORTION, ET AL.                DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the undersigned *sua sponte* for evaluation of Plaintiff Devonte Young's claim against Defendant Eugene Robinson pursuant to 28 U.S.C § 1915(e)(2). Young is proceeding *in forma pauperis* and *pro se*. Having considered the court record, Young's testimony during his omnibus hearing held on August 23, 2023, and the applicable law, the undersigned recommends that Young's claim against Defendant Robinson be dismissed with prejudice.

### I.  BACKGROUND

Young filed his complaint under 42 U.S.C. § 1983 while incarcerated at East Mississippi Correctional Facility (EMCF) in Meridian, Mississippi. Young names Eugene Robinson, a fellow inmate, as one of the defendants.

Young complains that on September 14, 2022, while housed at EMCF, Defendant Robinson assaulted him. At the omnibus hearing, Young testified that Robinson punched him in the nose. Young stated the altercation was the result of a prior personal disagreement between Robinson and Young that had occurred two or three weeks earlier, and that he (Young) had thought the disagreement had been previously settled. Young explained that after the "certified count" was conducted by prison officials (with some assistance from Robinson), Robinson simply entered the zone at the same time as a prison official and hit him.

## II.     DISCUSSION

Young is asserting a claim against Robinson under § 1983, which provides, "[e]very *person* who, under color of [state law], subjects . . . any citizen . . . thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983 (emphasis added). Because Young was incarcerated when he filed this § 1983 action, his complaint falls under the Prison Litigation Reform Act of 1995 that provides "a district court [may] dismiss an *in forma pauperis* prisoner's civil rights claim *sua sponte* if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Carlucci v. Chapa*, 884 F.3d 534, 537 (5th Cir. 2018) (citing *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010)); *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

Young cannot maintain this § 1983 civil action against Robinson. "Generally, private individuals like [an inmate] are not subject to § 1983 liability because they are not acting under color of state law." *Denson v. Shabazz*, 44 F. App'x 652, at *3 (5th Cir. 2002). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks and citations omitted).

There are circumstances, however, when a private person may be "acting under color of state law" and be held liable under § 1983. *Davis v. UTMB*, No. 3:21-cv-2523-E (BH), 2023 WL 3294861, at *2 (N.D. Tex. Mar. 13, 2023) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)), *report and recommendation adopted*, 2023 WL 3293288 (N.D. Tex. May 5, 2023). One such circumstance is where a private citizen conspired with or acted in concert with a state actor. *See, e.g., Priester v. Lowndes Cnty.*, 354 F.3d 414 (5th Cir. 2004) (citing *Mylett v. Jeane*,

2

879 F.2d 1272, 1275 (5th Cir. 1989)).  In such cases, a plaintiff is required to allege that there existed an agreement between the private actor and a public entity to commit an illegal act which resulted in the deprivation of plaintiff's constitutional right.  *Id*. at 420 (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)).  Other circumstances where a private party can be found to be a state actor are (1) where the function performed by the private person is one "exclusively reserved to the State," known as the "public function test," *see Flagg Bros. v. Brooks*, 436 U.S. 149, 158 (1978); (2) where the State has exercised coercive power or significant encouragement in the action taken by the private person, known as the "state compulsion test," *see Adickes*, 398 U.S. at 169-71; (3) where the State has placed "itself into a position of interdependence with the [private person]" so that the action creates a joint enterprise, known as the "nexus test," *see Jackson v. Metro. Edison Co.*, 419 U.S. 345, 357 (1974); and (4) where there is a "willful participant in joint action with the State or its agents," known as the "joint action test."  *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980);  s*ee also Davis*, 2023 WL 3294861, at *2 (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982).

Here, Young testified that Robinson's action was personal in nature because of a prior, personal dispute with Young, and Young has provided no evidence that Robison assaulted him at the direction of a prison official.  According to Young, Robinson simply entered his zone at the same time as a prison official and hit him.  There was no testimony by Young or other evidence to support that Robinson's conduct was in any way attributable to the State either by a conspiracy, the public function test, state compulsion test, the joint action test, or nexus test.  Accordingly, Young has failed to state a cognizable § 1983 claim against Robinson, and the undersigned recommends that this claim be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[1] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPCTFULLY SUBMITTED, this the 21st day of September, 2023.

*s/ F. Keith Ball*  
UNITED STATES MAGISTRATE JUDGE

---

[1] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).